YORK MFG. CO. v. MERCHANTS' REFRIGERATING CO. et al.

(Circuit Court, W. D. Missouri, W. D.   March 2, 1909.)

No. 3,333.

BANKRUPTCY (§ 387*) — COMPOSITION—REFUSAL OF CREDITOR TO ACCEPT—ELECTION.

A creditor of a bankrupt corporation, claiming a lien for part of his debt, who refused to accept securities of a reorganized corporation, tendered to him pursuant to a composition agreement confirmed by the court, and commenced a suit to establish and enforce his lien, is not entitled to have such securities impounded pending the suit, that he may have them, if unsuccessful, especially when the company issuing the same is not a party to the suit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.*]

In Equity. On demurrers to supplemental bill of complaint herein filed.

Scott, Bancroft & Stephens and Borland, Goodwin & Pew, for complainant.

F. V. Kander, Botsford, Deatherage, Young & Creason, A. F. Evans, Wm. B. Sutton, E. L. Scarritt, and W. C. Scarritt, for defendants.

POLLOCK, District Judge. This suit was brought by complainant for the purpose of procuring a decree foreclosing a mechanic's lien claimed to have been perfected by it against the Merchants' Refrigerating Company, defendant herein, and others, in accordance

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the statute law of this state. The suit was brought under these circumstances:

The Merchants' Refrigerating Company, being insolvent, was duly adjudged a bankrupt on January 6, 1908 (and is hereinafter referred to as the "bankrupt"). On January 22, 1908, the bankrupt made an offer of composition to its creditors under the terms of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), which proposition was accepted by its creditors, and thereafter, on February 21, 1908, the composition thus agreed to was confirmed by order of the bankruptcy court. This composition, as made and confirmed, involved a reorganization of the business and affairs of the bankrupt, by which its property was to be transferred to a corporation to be organized for that purpose, known as the Mid-Continent Refrigerating Company (hereinafter called the "Mid-Continent Company"), and in pursuance of such composition that company was to make, execute, and deliver to the creditors of the bankrupt its mortgage bonds and shares of its capital stock, in equal amounts, to the full face value of the claims proven against the bankrupt. This reorganization transfer was carried out and effected in compliance with the terms of the composition agreement.

On March 2, 1908, by leave of the bankrupt court, this suit was brought. Thereafter, and on March 27, 1908, complainant filed proof of its demand against the bankrupt estate with the referee in bankruptcy, stating there is a portion of said claim which was secured by mechanic's lien and a portion unsecured, and on the same day the claim was allowed by the referee in bankruptcy for the full amount of complainant's demand, $11,701.58, as a general claim against the bankrupt estate. About August 20, 1908, there was tendered to complainant the bonds and certificate of shares of the capital stock of the Mid-Continent Company in amounts, face value, slightly more than required in full fulfillment of the compromise agreement with the bankrupt, which tender complainant refused to accept.

Thereafter, on December 28, 1908, complainant filed its so-called supplemental bill of complaint herein, in which reference is made to the compromise agreement of the bankrupt with its creditors; the acceptance by the creditors and its confirmation by the court; the transfer of the property of the bankrupt concern to the Mid-Continent Company, organized for the purpose of effecting the reorganization of the business of the bankrupt and carrying into effect the composition made by the bankrupt with its creditors, and a transfer of the property of the bankrupt to that company; the presentation by the complainant of its claim to the bankrupt court, partly as secured and partly unsecured, and its allowance by that court of its entire claim as an unsecured claim; the tender to it of the bonds and certificate of shares of stock of the Mid-Continent Company, in amount something more than required by the composition agreement of the bankrupt with its creditors, and the refusal of complainant to accept the same. The prayer of this so-called supplemental bill reads, as follows:

"Therefore complainant prays that the court order said securities be deposited with the clerk of this court, subject to the final decree in this cause, and for such other relief as the court may see just and proper."

The demurrers of defendants to this supplemental bill have been submitted in argument and briefs, and come now on for decision.

Many questions are presented in the briefs and arguments of solicitors for the respective parties touching the binding force of the composition, accepted by the creditors and confirmed by the court, in pursuance of which the Mid-Continent Company received a transfer of the bankrupt's property, the effect of the presentation by complainant of its claim to the bankrupt court, and its allowance therein as a claim wholly unsecured, and other questions. However, in the view I take of the matter now presented, the determination of such questions is not necessary on the demurrers interposed.

If the adjudication and allowance of the claim in the bankruptcy court is conclusive and binding on complainant, as contended by solicitors for the demurrant, such decision can and will be made on final decree herein. Again, if by reason of the composition agreement between the bankrupt and its creditors, made and confirmed by the court in the bankruptcy proceeding, and the decision of that court in the allowance of the claim of complainant as a wholly unsecured demand, the tender made complainant is a sufficient compliance with the terms of the composition agreement made and accepted, it is clearly the duty of complainant to accept the securities tendered and thus terminate this litigation.

To my mind, the so-called supplemental bill filed herein is no more than an application to this court at this time to require by its order the impounding of the securities tendered complainant in confirmation of the composition agreement enforced in the bankruptcy court, until it may be determined whether complainant is successful in this litigation. If complainant is successful, it will not then accept the securities tendered. However, if it fails in this suit, it will then desire to accept the same. Meanwhile the Mid-Continent Company, which issued these securities in compliance with the proceedings in the bankruptcy court, is not brought before this court. Its rights will, therefore, be left undetermined by any order made in the premises; and, should the complainant herein succeed in its contention made by its bill, the property of the Mid-Continent Company, received as a consideration for the securities tendered complainant, will become charged with a preferred lien to the amount of complainant's claim, if found to be covered by such lien.

The so-called supplemental bill in no wise brings before the court matters occurring since the filing of the bill, which are asserted by complainant to be in aid of its right to the relief prayed in the original bill. Therefore, treating the so-called supplemental bill merely as an application to this court at this time to impound the securities tendered complainant, issued by the Mid-Continent Company in pursuance of the composition agreement, and the demurrers interposed thereto merely as objections to the making of the order applied for, I refuse the order sought for the following reasons:

The Mid-Continent Company, as has been seen, is not before this court, and its rights may be injuriously affected by the order sought by complainant, if made. And, again, I am inclined to the opinion

complainant should determine for itself, as advised by its solicitors, whether to accept the securities tendered in compliance with the composition agreement made in the bankruptcy court in satisfaction of its demand, or rely on its rights asserted in its bill filed herein.

The application made for the impounding of the securities is therefore denied.